# United States District Court

### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| OASIS RESEARCH, LLC | § | |
| | § | |
| v. | § | Cause No. 4:12-CV-528 |
| | § | Judge Mazzant |
| GO DADDY.COM, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Go Daddy.com, Inc.'s Motion for Transfer of Venue to the District of Arizona, or In the Alternative, For Dismissal of Claims Against Go Daddy For Lack of Jurisdiction and Improper Venue (Dkt. #104).[1]  Having considered the relevant pleadings, the Court is of the opinion that Defendant's motion should be denied.

## BACKGROUND

Plaintiff Oasis Research, LLC ("Plaintiff") is a Delaware limited liability company with its previous principal place of business in Marshall, Texas (Dkt. #253 at 2).  Plaintiff's current mailing address is in Fort Worth, Texas.  *Id.*  Defendant Go Daddy.com, Inc. ("Go Daddy") is a Scottsdale, Arizona-based domain name registrar and website hosting company (Dkt. #104 at 2).  Go Daddy is an Arizona corporation, with 92% of its 2,900 employees are employed in Arizona.  *Id.*  Go Daddy asserts that it has no presence in Texas, operates no offices or facilities here, and maintains no customer equipment or records here.  *Id.*

Plaintiff asserts that Go Daddy infringes U.S. Patent Nos. 5,771,354 (the "'354 Patent"), 5,901,228 (the "'228 Patent"), 6,411,943 (the "'943 Patent"), and 7,080,051 (the "'051 Patent"), through its "Online File Folder" online backup service (Dkt. #104 at 2).

---

[1] The Court has addressed Defendant's motion for dismissal of claim in a separate opinion (Dkt. #203) issued on May 23, 2011, and will only consider Defendant's motion to transfer in this memorandum opinion and order.

On May 23, 2011, the undersigned entered a Report and Recommendation denying Defendant's motion to sever and transfer (Dkt. #106; Dkt. #204).   After considering the objections, United States District Judge Michael H. Schneider adopted the Report and Recommendation of the United States Magistrate Judge (Dkt. #246).  On February 17, 2012, this case was assigned to the undersigned by consent of the parties for all further proceedings (Dkt. #352).

On September 7, 2011, Defendants EMC Corp., Decho Corp., and Iomega Corp. (collectively, "EMC") petitioned the Federal Circuit for a writ of mandamus vacating the July 25, 2011 order of the District Court adopting the undersigned's recommendations.  Defendants Carbonite, Inc. ("Carbonite"), Iron Mountain, Inc. and Iron Mountain Information Management, Inc. (collectively "Iron Mountain"), Go Daddy, and Pro Softnet, Inc. ("Pro Softnet") joined in EMC's petition.   On May 4, 2012, the Federal Circuit granted the writ of mandamus in part, vacating the district court's order denying the motions to sever and transfer, and directing the district court to reconsider those motions in light of the correct test.  *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012).

In response to the Federal Circuit's writ of mandamus, the Court requested the parties submit a joint proposed briefing schedule, which was adopted by the Court on May 21, 2012 (Dkt. #371).  Go Daddy referred the Court to its original Motion for Transfer of Venue to the District of Arizona, or In the Alternative, For Dismissal of Claims Against Go Daddy For Lack of Jurisdiction and Improper Venue (Dkt. #104).  On June 8, 2012, Plaintiff filed its Opposition to Defendants' Motions to Sever and Transfer (Dkt. #378).   On June 25, 2012, Defendant filed its reply (Dkt. #384).  On July 9, 2012, Plaintiff filed its sur-reply (Dkt. #398).

## LEGAL STANDARD

A district court may transfer any civil case "for the convenience of parties and witnesses, in the interest of justice...to another other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("Volkswagen I").

Once that threshold inquiry is met, the Court balances the private interests of the litigants and the public's interest in the fair and efficient administration of justice.  *In re Nintendo Co., Ltd.,* 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).  The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("Volkswagen II"); *In re Nintendo*, 589 F.3d at 1198.  The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *Id*.  These factors are not exhaustive or exclusive, and no single factor is dispositive.  *Id*.

The party seeking transfer of venue must show good cause for the transfer.  *Volkswagen II*, 545 F.3d at 315.  The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue.  *Volkswagen II*, 545 F.3d at 315; *TS Tech,* 551 F.3d at

1319.  The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer.  *Volkswagen II*, 545 F.3d at 315 n.10; *TS Tech*, 551 F.3d at 1320; *In re Nintendo*, 589 F.3d at 1200.

## ANALYSIS

Go Daddy requests to be transferred to Arizona.  The first question the Court must address when ruling on a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit could have been filed originally in the destination venue. *Volkswagen II*, 545 F.3d at 312.  Under 28 U.S.C. § 1400(b), venue in a patent infringement action is proper "in the judicial district where the defendant resides."  The judicial district where a defendant resides includes the state where the defendant is incorporated.  *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990).  Go Daddy is incorporated in Arizon, and its principal place of business is located in Scottsdale, Arizona (Dkt. #104 at 2).  Plaintiff does not dispute these facts. Therefore, the Court finds that this suit could have been filed in the District of Arizona.

## A.  Private Interest Factors

### (1) The Relative Ease of Access to Sources of Proof

"Courts analyze this factor in light of the distance that documents, or other evidence must be transported from their existing location to the trial venue."  *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-CV-390, 2010 WL 3855520, at *2 (E.D. Tex. Sept. 30, 2010) (citing *Volkswagen II*, 545 F.3d at 316).  This factor will rely on which party has a greater volume of documents relevant to the litigation, and their presumed location in relation to the transferee and transferor venues.  *Id.* (citations omitted).  Documents that have been moved in anticipation of litigation should not be considered.  *In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009).

Go Daddy argues that all of Go Daddy's corporate documents and documents related to its accused product "Online File Folder" are located in Arizona (Dkt. #104 at 6).  In addition, Go Daddy contends that the servers used to provide the online backup services are located in Arizona.  *Id*.  In sum, Go Daddy contends that all of its documents relevant to this case, including documents related to infringement, damages, and all trial exhibits are in Arizona (Dkt. #384 at 2).  Go Daddy argues that no documents reside in the Eastern District of Texas.

First, Plaintiff contends that documents from Christopher Crawford, the named inventor on the patents-in-suit are located in Texas with Crawford's counsel; however, the Court will not consider the location of these documents in its analysis.  *See In re Hoffman-La Roche,* 587 F.3d at 1336-37 (stating documents that have been moved in anticipation of litigation should not be considered). However, Plaintiff admits that "Go Daddy's documents appear to be concentrated in Arizona" and that "[t]his factor weighs in favor of transfer of the claims against Go Daddy to the District of Arizona" (Dkt. #378 at 13).

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (internal quotations omitted).  Based on the information before the Court, it appears that Defendant's documents are located in Arizona.  Therefore, the Court finds this factor weighs in favor of transfer to the District of Arizona.

*(2) The Availability of Compulsory Process*

Federal Rule of Civil Procedure 45(b)(2) allows a federal court to compel a witness' attendance at a trial or hearing by subpoena; however, the Court's subpoena power is limited by

Federal Rule of Civil Procedure 45(c)(3), to those witnesses who work or reside less than 100 miles from the courthouse. *See Volkswagen II*, 545 F.3d at 316.

In its original motion to transfer, Go Daddy argued that at least two (2) non-party witnesses, which are former employees of Go Daddy are within the subpoena power of the District of Arizona (Dkt. #104 at 6).  Go Daddy contended that it is not aware of even one potentially relevant witness who is subject to the subpoena power of this Court. *Id*.  Go Daddy now asserts that four (4) key former employees will testify at trial all reside in Arizona, and are subject to the subpoena power of the District of Arizona (Dkt. #384 at 2).

Plaintiff contends that the inventor, Mr. Crawford, has agreed to attend trial in Texas (Dkt. #378 at 11).  Further, Plaintiff argues that there are two (2) witnesses located within the subpoena power of the Eastern District of Texas. *Id*.  Finally, Plaintiff contends that there are third-party witnesses that have been subpoenaed for both documents and testimony located at a variety of locations across the United States. *Id*.  It is unclear which of these witnesses will be required to appear for trial; however, the Court notes that these witnesses are alleged to reside in many states in the United States.

Defendant argues that the two (2) witnesses within the subpoena power of the Eastern District of Texas are merely ancillary to the proceedings, whereas their four (4) former employees are key witnesses that must attend the trial (Dkt. 384 at 3-4).

In summary, there are four (4) non-party witnesses residing in Arizona, two (2) residing in Texas, and six (6) other non-party witnesses from varied locations across the United States that may also be required to testify.  The Court determines that this factor weighs in favor of neither jurisdiction and finds that this factor is neutral as to transfer.

*(3) Cost of Attendance for Willing Witnesses*

The Fifth Circuit established the "100-mile" rule to determine the convenience of the transferee district to the witnesses and parties.  "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witnesses increases in direct relationship to the additional distance to be traveled."  *Volkswagen I*, 371 F.3d at 204-05.   Where witnesses are from widely scattered locations, a trial court should not consider its "central location... in the absence of witnesses within the plaintiff's choice of venue."  *Genentech*, 566 F.3d at 1344.

Go Daddy argues that this factor is the most important consideration, and that it weighs strongly in favor of transfer to Arizona (Dkt. #104 at 5).  Go Daddy contends that it has four (4) party witnesses and four (4) non-party witnesses who will testify at trial who all reside in Arizona (Dkt. #384 at 2).  Go Daddy also argues that the distance between Phoenix, Arizona and this Court is more than ten times the 100-mile benchmark, which will create significant expense and inconvenience to its witnesses (Dkt. #104 at 5).

Plaintiff argues that its primary decision-maker, Gordon Jumonville resides in Texas, and that this district is more convenient that the proposed transfer district (Dkt. #378 at 14).  In addition, Plaintiff contends that the inventor, Mr. Crawford, has agreed that this district is convenient for him.  *Id*.  Plaintiff also agrees that "It [sic] light of Oasis' witness location, this factor slightly favors transfer of Go Daddy to the District of Arizona."  *Id*. at 15.

The Court finds that this factor weighs in favor of transfer to the District of Arizona, based on the location of several of Go Daddy's witnesses in Arizona, the presence of only one witness in Texas, and Plaintiff's agreement that this factor weighs in favor of transfer.

7

*(4) All Other Practical Problems*

Plaintiff argues that other practical problems include those based on judicial economy, particularly the existence of duplicative suits and transfer to another district when this Court has already expended significant resources in hiring a technical advisor, conducting a *Markman* hearing, and reviewing the parties' summary judgment motions.  Plaintiff notes that it does not make sense to transfer at this stage of the litigation, especially given the consideration that the parties and the Court have already expended significant resources negotiating issues of scheduling, discovery, and protective orders (Dkt. #398 at 4).  Transfer at this stage of the proceedings would duplicate these efforts.  In addition, there are several witnesses involved in the litigation who will testify to issues common to all Defendants.  *Id.* at 4.  Transfer would require these parties to travel across the nation several times to testify in these proceedings.  Therefore, the Court agrees that the conservation of resources and avoiding duplicative suits in the interest of judicial economy weighs heavily against transfer.

**B.  Public Interest Factors**

*(1) The Administrative Difficulties Flowing From Court Congestion*

The first public interest factor is court congestion.  Generally, this factor favors a district that can bring a case to trial faster.  In its original motion, Go Daddy argued that as of December 31, 2009, the median time from filing to disposition of civil cases was 8.1 months in Arizona as compared to 10.8 months in the Eastern District of Texas (Dkt. #104 at 7 n.9).  Plaintiff argues that the public interest factors do not weigh strongly in favor of, or against transfer (Dkt. #378 at 15).

As of September 30, 2011, the median time from filing to disposition of civil cases was 8.0 months in Arizona as compared to 8.6 in the Eastern District of Texas.[2]   However, this Court has already set a trial date for this case for March of 2013, whereas, if transferred, the District of Arizona would have to expend significant time to set matters for scheduling and determine an appropriate trial date, which would extend the date of resolution of these cases further. Therefore, the Court finds this factor weighs against transfer.

*(2) The Local Interest in Having Localized Interests Decided at Home*

Traditionally, the location of the alleged injury is an important consideration in determining how to weigh this factor.  *TS Tech*, 551 F.3d at 1321.   However, in a patent infringement case, when the accused products are sold nationwide, the alleged injury does not create a substantial local interest in any particular district.  *Id*.  Local interest may also be determined when a district is home to a party because the suit may call into question the reputation of individuals that work and conduct business in the community.  *Hoffman-La Roche*, 587 F.3d at 1336.

Defendant argues that "Arizona residents have a strong interest in deciding this case locally where Go Daddy is headquartered, employs thousands of people and developed its product; this District has the same general interest as any other" (Dkt. #384 at 4).  The Court agrees.  The Eastern District of Texas is connected to this litigation only in that Defendant's services are available nationwide, and thus are available in this district.  Where all the relevant events occurred in the transferee district, and the only connection to the original district was that products of the same type were sold there, the transferee district's localized interest in seeing the case decided there significantly favors transfer.  *Volkswagen II*, 545 F.3d at 317.  Further,

---

[2] Information obtained from table C-5 of the Judicial Business of the United States Courts, 2011 Annual Report of the Director issued by the Administrative Office of the United States Courts, available at www.uscourts.gov/Statistics/JudicialBusiness.aspx#appTables.

because the sale of infringing products in the forum "could apply virtually to any judicial district or division in the United States," to rely on that as a basis to find that the district had a localized interest in the controversy "stretches logic." *TS Tech*, 551 F.3d at 1321. Therefore, this factor weighs in favor of transfer.

> *(3) The Familiarity of the Forum with the Law that Will Govern the Case and (4) The Avoidance of Unnecessary Problems of Conflict of Laws*

The parties agree that these two factors are neutral or inapplicable as to transfer (Dkt. #104 at 7; Dkt. #378 at 15). The Court agrees and finds these factors to be neutral.

## C.  Conclusion

The Court finds that three (3) of the private and public interest factors are neutral, three (3) factors weigh in favor of transfer, and two (2) factors weigh against transfer.

Plaintiff argues, and the Court agrees, that the factor of judicial economy weighs heavily against transfer in this case. If this Court were to transfer this litigation to Arizona, another court would have to spend significant resources to familiarize itself with the patents, prosecution history, claim construction, and other issues in this case. Further, this Court has already set an upcoming trial date for March of 2013 for this case, and its related cases. To transfer this litigation at this stage of the proceedings might cause improper delay and unfair prejudice to Plaintiff.

The Court may deny motions to transfer based on judicial economy alone. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1345-47 (Fed. Cir. 2010) (holding that district court may properly deny § 1404(a) transfer based on judicial economy even "when all of the convenience factors clearly favor transfer."); *In re Google,* 412 F. App'x 295, 296 (Fed. Cir. 2011) ("Courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly,

effective, administration of justice and having one trial court decide all of these claims clearly furthers that objective."); *Centre One v. Vonage Holdings, Corp.*, No. 6:08-CV-467, 2009 WL 2461003, at *7 (E.D. Tex. Aug. 10, 2009) (Davis, C.J.) (holding that the defendant's "convenience alone fails to outweigh the glaring inefficiency of prosecuting two, nearly identical, complex patent infringement cases in different fora."); *Adrain v. Genetec Inc.*, No. 2:08-CV-423, 2009 WL 3063414, at *3 ("[T]he division of the case into multiple suits may be more convenient for [the defendant], but it would impose a significant burden on the plaintiff, witnesses, and the federal court system. In addition to the burden on the courts, the existence of multiple lawsuits interpreting the same patent creates an unnecessary risk of inconsistent claim construction and adjudication."). In this case, not only has Go Daddy failed to meet its burden to show that the District of Arizona is a "clearly more convenient forum" for this litigation, but the burden that would be imposed on the federal court system by the transfer of this case, as well as the efficient administration of court proceedings and conserving judicial resources weighs heavily against transfer.

## CONCLUSION

Based on the foregoing, the Court finds Defendant Go Daddy.com, Inc.'s Motion for Transfer of Venue to the District of Arizona, or In the Alternative, For Dismissal of Claims Against Go Daddy For Lack of Jurisdiction and Improper Venue (Dkt. #104) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 21st day of August, 2012.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE

11